Townsend v. Van Tassel.

/

JOHN J. TOWNSEND, Appellant, *against* WILLIAM VAN TASSEL AND EDWARD KEARNEY, Respondents.

(Decided April 7th, 1879.)

The plaintiff sent to the defendants, who were auctioneers, a horse to be sold by them at auction, and they advertised it for sale on a certain day, when the plaintiff attended and heard the horse put up and struck off to a bidder at $50, and then departed. The defendants did not call for the name of the bidder, who was not known to them, nor make any memorandum of the sale, as by 1 R. S.

Townsend v. Van Tassel.

532, § 26, auctioneers are required to do, but called upon the bidder to come forward and settle or make a deposit. The bidder did not come forward, and the defendants subsequently, on the same day, before the sale was ended, but after the plaintiff had departed, and without any notice to him that the bidder had not come forward, or that they were about to resell, put up the horse for sale, and sold it to a purchaser for $37 50. *Held*, that it was the duty of the defendants to ask for the name of the person who bid the $50, and if no person answered and assumed the bid by giving his name, or by some indication by which the auctioneer could recognize who made the bid and have the memorandum of sale made, which by statute must be made at the time to bind the purchaser, it was the duty of the auctioneer before proceeding any further to put up the horse again for sale, so that those present might know immediately that no one having answered to the bid of $50 the horse had not been sold, and that the bidding was still open, and that the defendants, not having done so, could not discharge themselves from liability to the plaintiff by paying, or offering to pay, him the lesser sum of $37 50, for which the horse was sold on the resale, but were liable for the $50 bid on the first sale.

APPEAL from a judgment of the District Court in the city of New York for the Sixth Judicial District.

The action was brought to recover $45, being the sum of $50 bid for a horse belonging to the plaintiff, and put up for sale at auction by the defendants by order of the plaintiff, less $5, the defendants' commissions.

The defendants answered by a general denial and a tender of $32, which they paid into court.

The plaintiff on the trial testified that he attended the sale and saw the horse put up and heard him struck off to a bidder for $50, and the sale of other articles then proceeded, and the plaintiff went away and knew no more about the matter until four or five days afterwards, when he called to get the amount of the bill, less the auctioneers' commissions.

The facts relied on by the defense are stated in the opinion. The justice gave judgment for defendants.

*James Stikeman*, for appellant.

*Bernard Reilly, Jr.*, for respondent.

CHARLES P. DALY, Chief Justice.—When an article is

sold at auction, and is announced as sold at the highest bid made for it, it is the duty of the auctioneer to call for the name of the buyer, that a memorandum in writing may be made at the time of the sale, in conformity with the statute, to bind the buyer.  (*Hicks* v. *Whitmore*, 12 Wend. 548.)

Nothing of this kind was done in this case.  The auctioneer admits that he did not see the person who bid $50, but without calling for the name of the buyer he merely called out for the buyer to step up to the desk and settle, or make a deposit.  No person having appeared as buyer, the auctioneer, after the plaintiff had left and before the sale was ended, put up the horse again, and sold it for $37 50, the highest amount that was then bid for it.  Notice of the sale of the horse for that day was given in a printed catalogue, so that if any one attended the sale for the sole purpose of bidding for the horse he would naturally leave, as the plaintiff did, after the auctioneer had announced publicly that the horse was sold for the bid of $50.  I do not think, under these circumstances, the auctioneer can discharge himself from his liability to the plaintiff by paying, or offering to pay, him the lesser sum for which the horse was sold on the resale.  That the person who bid $50 was not held to the sale was the fault of the auctioneer.  It was his duty to see who bid for that amount and to ask for the name if that was the highest sum bid, and if no person answered to the bid and assumed it by giving his name, or by some indication by which the auctioneer could recognize who made the bid and have the memorandum of the sale made, which, by statute, must be made at the time to bind the bidder, it was the duty of the auctioneer before proceeding any further to put up the article again, so that those present might know immediately that no one having answered to the bid of $50, the horse had not been sold, and that the bidding was still open.  This he did not do, and I do not think that the plaintiff was bound to accept the reduced amount which the horse brought at the subsequent sale.

The judge below dismissed the complaint upon the ground

that the plaintiff had no cause of action, which, I think, was erroneous.

The judgment should therefore be reversed.

VAN HOESEN, J., concurred.

Judgment reversed.